# CITIZENS STATE BANK OF CLAYTON, WISCONSIN, v. A. P. MELLQUIST.[1]

February 2, 1917.

Nos. 20,094—(220).

**Bills and notes — evidence of execution supported verdict.**

1. The evidence was such as to require a finding that two promissory notes, executed in the name of the defendant though not signed by him personally, were executed under his direction and were his act and a verdict was properly directed for the plaintiff.

**Action upon foreign judgment — verdict sustained by evidence.**

2. In an action on a foreign judgment want of jurisdiction may be shown. In this case the evidence was not such as to sustain a finding that a warrant of attorney to confess judgment was not executed by the defendant and a verdict was properly directed for the plaintiff.

Action in the district court for Carver county against the executor of the estate of Arne Erickson, deceased, to recover $1,990.45 upon two promissory notes executed by decedent, and upon a judgment against defendant entered in the circuit court for Wisconsin. The case was tried before Morrison, J., who granted plaintiff's motion for a directed verdict. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*W. C. & W. F. Odell,* for appellant.

*Jesse E. Greenman* and *P. J. McLaughlin,* for respondent.

DIBELL, C.

Action to recover upon two promissory notes and upon a judgment. The court directed a verdict for the plaintiff. The defendant appeals from the order denying his motion for a new trial.

1. The two notes purported to be made by Theodore Erickson and one Arne Erickson, now deceased. Theodore is a son of Arne Erickson. It is undisputed that he signed the notes personally and that he signed the

[1]Reported in 161 N. W. 210.

name of his father. His father could not read nor write the English language nor did he understand it. He was at the time temporarily living with his son in Wisconsin. The son was engaged in the mercantile business and was in need of money. His testimony is that he talked with his father about borrowing money and had some promise that he would help him. At the time of the execution of the notes his father touched the pen and the son wrote his name. In our opinion the evidence, which it will serve no useful purpose to review, conclusively shows that the notes were signed by the son at the direction of the father and were in law the notes of the father.

2. The judgment was entered in the circuit court of Wisconsin in an action upon a promissory note. It is elementary that a foreign judgment may be assailed collaterally for want of jurisdiction. 2 Black, Judgments, § 835; 23 Cyc. 1578; 2 Dunnell, Minn. Dig. § 5208. The judgment was entered on a warrant of attorney. It was competent to show that the defendant did not sign nor authorize the warrant of attorney. There was no competent evidence in disproof of such authorization. The verdict was properly directed for the plaintiff.

Order affirmed.